1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER DOUGLAS,<br><br>                    Plaintiff,<br><br>          v.<br><br>HEATHER SHIRLEY, et al.,<br><br>                    Defendants. | Case No. 1:23-cv-00653-EPG (PC)<br><br>SCREENING ORDER<br><br>ORDER ALLOWING PLAINTIFF'S COMPLAINT TO PROCEED ON HIS EIGHTH AMENDMENT CONDITIONS OF CONFINEMENT CLAIMS AGAINST DEFENDANTS SHIRLEY, CRONJAGER, AND DEGOUGH<br><br>(ECF No. 1) |

Roger Douglas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on April 28, 2023.  (ECF No. 1).  Plaintiff alleges that the water at Wasco State Prison is contaminated, and that Defendants have not appropriately responded to the issue.  The complaint is now before this Court for screening.

The Court has reviewed Plaintiff's complaint, and for the reasons described below, the Court finds that Plaintiff's Eighth Amendment conditions of confinement claims against defendants Shirley, Cronjager, and Degough should proceed past screening.

As the Court has found that all of Plaintiff's claims should proceed past screening, the Court will, in due course, issue an order authorizing service of process on defendants Shirley, Cronjager, and Degough.

1

## I.       SCREENING REQUIREMENT

2       The Court is required to screen complaints brought by prisoners seeking relief against a

3 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

4 The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

5 legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

6 that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

7 § 1915A(b)(1), (2).  As Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may

8 also screen the complaint under 28 U.S.C. § 1915.  "Notwithstanding any filing fee, or any

9 portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

10 determines that the action or appeal fails to state a claim upon which relief may be granted."

11 28 U.S.C. § 1915(e)(2)(B)(ii).

12       A complaint is required to contain "a short and plain statement of the claim showing

13 that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

14 not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

15 conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

16 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A plaintiff must set forth "sufficient

17 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id.

18 (quoting Twombly, 550 U.S. at 570).  The mere possibility of misconduct falls short of meeting

19 this plausibility standard.  Id. at 679.  While a plaintiff's allegations are taken as true, courts

20 "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d

21 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted).  Additionally, a

22 plaintiff's legal conclusions are not accepted as true.  Iqbal, 556 U.S. at 678.

23       Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal

24 pleadings drafted by lawyers."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

25 *pro se* complaints should continue to be liberally construed after Iqbal).

26 ## II.      SUMMARY OF PLAINTIFF'S COMPLAINT

27       Plaintiff alleges as follows:

28       Defendant Scott Degough, the acting Water Contractor, relayed false information to

Wasco State Prison staff.  He hid the danger of the contaminated carcinogenic water filled with 1, 2, 3, trichloropropane ("TCP").  Defendant Degough failed to monitor the true risks of the dangerous toxin and failed to tell his superiors the truth of the risk of stomach ailments and the risk of cancer.

Defendant J. Cronjager, the Head of Health and Safety, has a sworn duty to always second guess, investigate, and go above and beyond to make sure that the water is not toxic and infested with chemicals that kill and cause cancer.

Defendant H. Shirley, the Warden of Wasco State Prison, is the overseer of the prison's wellbeing.  Defendant Shirley did not implement a productive plan to remedy the bad water situation.  Defendant Shirley outlawed bottled water for sale and as an alternative to drinking toxic water.

Plaintiff is forced to drink toxic water.  Shafter, Wasco City, and Wasco State Prison drink water from Well #1 and Well #2.  Defendant Shirley and defendant Cronjager work and possibly live in Kern County.  Additionally, Plaintiff knows that Defendants knew about, and continue to know about, the toxic water at Wasco State Prison because of constant news stories, magazine articles, and newspapers reporting on the failed water in Kern County.  The city of Shafter was told not to drink any of the water, and prison staff knows that Wasco State Prison has been failing a federal standard for TCP for years now.

Wasco State Prison set a three-year date from December of 2017 to fix the problem. However, five plus years later, the problem still exists and is getting worse.

Defendants have exhibited actions that put Plaintiff's life in danger.

Plaintiff's right to clean drinking water has been violated.  Because of the toxic water, Plaintiff suffers from chronic kidney damage, body rashes, eye irritation, and liver pain.[1]

\\\

---

[1] Plaintiff lists two claims.  While only the first claim is labeled as an Eighth Amendment claim, both claims appear to be Eighth Amendment conditions of confinement claims.  In both, Plaintiff alleges that he is being subjected to an excessive risk to his health and/or safety based on the contaminated water at Wasco State Prison.  Moreover, Plaintiff does not identify any other Constitutional Amendment or federal law on which claim two is based.  Given this, the Court will analyze the claims pursuant to the Eighth Amendment.

### III.     ANALYSIS OF PLAINTIFF'S COMPLAINT

A. <u>Section 1983</u>

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989) (quoting <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3 (1979)); <u>see also</u> <u>Chapman v. Houston Welfare Rights Org.</u>, 441 U.S. 600, 618 (1979); <u>Hall v. City of Los Angeles</u>, 697 F.3d 1059, 1068 (9th Cir. 2012); <u>Crowley v. Nevada</u>, 678 F.3d 730, 734 (9th Cir. 2012); <u>Anderson v. Warner</u>, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006); <u>see also</u> <u>Marsh v. County of San Diego</u>, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  <u>Preschooler II v. Clark County Sch. Bd. of Trs.</u>, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."  <u>Preschooler II</u>, 479 F.3d at 1183 (quoting <u>Johnson</u>, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."  <u>Arnold v. Int'l Bus. Mach. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981); <u>see also</u> <u>Harper v. City of Los Angeles</u>, 533 F.3d 1010, 1026 (9th Cir. 2008).

4

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-77.  In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged.  Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under section 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," Hansen, 885 F.2d at 646 (citations and internal quotation marks omitted).

For instance, a supervisor may be liable for his or her "own culpable action or inaction in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others."  Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

### B.  Conditions of Confinement

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment."  Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994).  Conditions of confinement may, consistent with the Constitution, be restrictive and

harsh.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc).  Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation.  Farmer, 511 U.S. at 834.  "First, the deprivation alleged must be, objectively, sufficiently serious."  Id. (citation and internal quotation marks omitted).  Second, "a prison official must have a sufficiently culpable state of mind," which for conditions of confinement claims "is one of deliberate indifference."  Id. (citations and internal quotation marks omitted).  Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety.  Id. at 837.  The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim.  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Liberally construing Plaintiff's complaint, the Court finds that Plaintiff sufficiently alleges that he is forced to drink contaminated water, and that this contaminated water poses an excessive risk to his health and safety.  According to Plaintiff, he has already suffered numerous symptoms, including chronic kidney damage, body rashes, eye irritation, and liver pain.

Liberally construing the allegations in Plaintiff's complaint, the Court also finds that Plaintiff sufficiently alleges that defendant Shirley (the Warden), defendant Cronjager (the Head of Health and Safety), and defendant Degough (the acting Water Contractor) knew of the

contaminated water issue but failed to respond appropriately.  Plaintiff alleges defendant Shirley and defendant Cronjager work and possibly live in Kern County.  Plaintiff also alleges that Defendants knew about, and continue to know about, the toxic water at Wasco State Prison because of constant news stories, magazine articles, and newspapers reporting on the failed water in Kern County.  Moreover, the city of Shafter was told not to drink any of the water, and prison staff knows that Wasco State Prison has been failing a federal standard for TCP for years.  The problem still exists and is getting worse.

Based on these allegations and liberally construing Plaintiff's complaint, the Court finds that Plaintiff's Eighth Amendment conditions of confinement claims against defendants Shirley, Cronjager, and Degough should proceed past screening.

## IV.    CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and finds that Plaintiff's Eighth Amendment conditions of confinement claims against defendants Shirley, Cronjager, and Degough should proceed past screening.

As the Court has found that all of Plaintiff's claims should proceed past screening, the Court will, in due course, issue an order authorizing service of process on defendants Shirley, Cronjager, and Degough.

IT IS SO ORDERED.

Dated:   __July 7, 2023__                    /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE

7