UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER DOUGLAS,<br><br>  Plaintiff,<br><br>  v.<br><br>HEATHER SHIRLEY, et al.,<br><br>  Defendants. | Case No. 1:23-cv-00653-KES-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>(ECF No. 30) |

Plaintiff Roger Douglas is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On July 10, 2024, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 30). As grounds, he states that he is incarcerated, cannot afford counsel, and appointment of pro bono counsel would protect his interests in this case.[1]

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request

---

[1] Plaintiff also cites a California Rule, Cal. Rules of Court 4.551, which addresses the appointment of counsel in habeas corpus proceedings. However, this is a federal civil rights case and California law does not govern here.

the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel. The legal issues are not unduly complex. It appears that Plaintiff can adequately articulate his claims despite his lack of training in the law. Further, although this case proceeds on Plaintiff's conditions-of-confinement claims, the Court is unable to conclude that Plaintiff is likely to succeed on the merits of his case.

For these reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel (ECF No. 30) is DENIED.

IT IS SO ORDERED.

Dated: **July 11, 2024**       /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE