UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER DOUGLAS,<br><br>            Plaintiff,<br><br>    v.<br><br>HEATHER SHIRLEY, et al.,<br><br>            Defendants. | Case No.   1:23-cv-00653-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT (1) DEFENDANTS BE DENIED COSTS; AND (2) PLAINTIFF'S CONSTRUED MOTION FOR RECONSIDERATION BE DENIED<br><br>(ECF Nos. 44, 45)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

**I.      INTRODUCTION**

Plaintiff Roger Douglas is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case initially proceeded on Plaintiff's Eighth Amendment conditions of confinements claims against Defendants Shirley, Cronjager, and DeGough, stemming from Plaintiff's allegations that the water at Wasco State Prison (WSP) is dangerously contaminated. However, after no opposition by Plaintiff, the Court issued findings and recommendations to grant Defendants' motion for summary judgment, which the assigned District Judge adopted on May 30, 2025, directing the Clerk of Court to issue judgment in favor of Defendants and to close the case. (ECF No. 42).

Now before the Court are Defendants' bill of costs requesting $834 for deposition-related expenses and Plaintiff's motion to strike costs, which the Court construes as an opposition to the bill of costs and a motion for reconsideration of the dismissal of this case with prejudice. (ECF

1

Nos. 44, 45). The assigned District Judge referred Plaintiff's motion to strike on June 26, 2025. (ECF No. 46).

For the reasons given below, the Court will recommend that Defendants be denied costs and that Plaintiff's construed motion for reconsideration be denied.

## II. ANALYSIS

### A. Costs

Defendants' supporting memorandum states as follows: "Defendants incurred $682.50 for [Plaintiff's deposition] transcript, $150.00 for the court reporter's appearance fee, and $1.50 for exhibits, for a total of $834.00 in costs [that they ask for Plaintiff to pay]" (ECF No. 44-1, p. 2).

Federal Rule of Civil Procedure 54(d)(1) provides as follows: "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). Although the Ninth Circuit has interpreted this "as creating a presumption for awarding costs to prevailing parties," the Rule "also vests in the district court discretion to refuse to award costs." *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (citations and internal quotation marks omitted). In determining to exercise such discretion, the Ninth Circuit has directed courts to consider a non-exhaustive list of factors: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Id.* Importantly, "a losing party need not demonstrate that all five factors weigh against imposing costs." *Id.*

As for the first factor—the substantial public importance of the case—[i]ndividual Eighth Amendment cases are important for safeguarding the rights and safety of prisoners," *Id.* at 1088. In this case, although ultimately unsuccessful, Plaintiff raised important issues about the safety of the water at WSP, which implicates issues not only important to him but all prisoners at WSP. Thus, the Court concludes that this case raised important public issues and this factor weighs in favor of Plaintiff.

As for the second factor— the closeness and difficulty of the issues in the case—the Court notes that Plaintiff never responded to Defendants' motion for summary judgment. However, it also recognizes that Defendants' motion for summary judgment was resolved, in part, on expert

evidence regarding the lack of danger posed by WSP's water. (*See* ECF No. 41, p. 7). Plaintiff states that his lack of funds was why he could not "procure legal assistance to help with litigation" and respond to the motion for summary judgment. (ECF No. 45, p. 1).

Accordingly, even though Plaintiff lost this case by failing to respond to the motion for summary judgment, the Court cannot conclude that he prosecuted it in bad faith so as to justify costs. *See Murray v. Warden*, No. 2:19-CV-2114-DAD-AC, 2023 WL 3168368, at *2 (E.D. Cal. Apr. 28, 2023), *report and recommendation adopted*, 2023 WL 5155800 (E.D. Cal. Aug. 10, 2023) (recommending denial of costs where Plaintiff lost motion for summary judgment, in part, because "[t]here [was] no evidence of bad faith or misconduct in bringing this lawsuit").

As for the third factor—the chilling effect on future similar actions—an award of $834 in costs "could chill similar lawsuits challenging Eighth Amendment violations in jails and prisons." *Draper*, 836 F.3d at 1088. As will be further discussed in consideration of the fourth and fifth factors, Plaintiff has little to no resources, so $834 represents a large sum for him. Having to pay such a sum could dissuade incarcerated persons like Plaintiff from pursuing civil rights action in good faith because they would fear losing their already limited resources. This factor weighs in favor of Plaintiff.

Lastly, as to the fourth and fifth factors— the plaintiff's limited financial resources and the economic disparity between the parties—Plaintiff contends, and Defendants do not challenge, that he has "low to no income" and "is dependent upon family & friends" for assistance, with the money he receives going towards "food and hygiene." (ECF No. 45, p. 2; *see also* p. 3, stating that Plaintiff's income varies from $0 to $300 per month). However, Defendants argue that Plaintiff's ability to pay the costs in monthly installments from his trust account warrants granting their request. (ECF No. 47, p. 2) (citing 28 U.S.C. § 1915(b)(2), (f)(2)(B)).

The Court notes that, when Plaintiff initiated this case, he was granted leave to proceed *in forma pauperis*, based in part, on his trust fund statement showing his last available balance at $0.83. (ECF No. 6, p. 1). While Plaintiff's balance varied during the period reflected in the statement, it never exceeded $442.72, and frequently was much less, *e.g.*, around $40 to $50. (*Id.*). Further, Plaintiff's continued incarceration makes it unlikely that his economic circumstances will improve. Thus, even though Plaintiff would be able to make monthly

3

payments on the costs if ordered to be paid, his limited financial resources counsel against depriving him of further funds.

In comparison, Defendants are represented by the California Office of the Attorney General. (*See* ECF No. 14). As the Ninth Circuit has noted, "[t]here is no comparison between [an inmate plaintiff's] limited resources and those of the state of California, which bore the defense costs." *Draper*, 836 F.3d at 1089. Thus, the fourth and fifth factors weigh in favor of Plaintiff.

In short, considering all the relevant circumstances in this case, including Plaintiff's extremely limited funds, the Court will recommend that Defendants be denied costs. *Murray*, 2023 WL 3168368, at *1 (recommending denial of $1,519.78 in costs associated with taking plaintiff's deposition although court granted summary judgment to defendant).

### B. Motion for Reconsideration

Plaintiff's filing contains the following statement: "Plaintiff also asks Court to close case without prejudice as Plaintiff is in process of obtaining counsel to pursue class action suit in future since Plaintiff has been undergoing treatment for possible cancer diagnosis." (ECF No. 45, p. 1) (minor alterations). The Court construes this as a motion for reconsideration of the dismissal of this case with prejudice under Rules 59(e) and 60(b).[1]

"A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Generally, reconsideration of a prior order is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263. "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). "A [motion for reconsideration] may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

---

[1] The grant of summary judgment resulted in a final judgment on the merits, which "is often used interchangeably with 'dismissal with prejudice.'" *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002); (*see* ECF Nos. 41, 43, 43).

4

Under Federal Rule of Civil Procedure 60(b),

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

As to Rule 60(b)(6), Plaintiff "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (citation and internal quotation marks omitted). Additionally, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." (*Id.*) (citation and internal quotation marks omitted).

Plaintiff has failed to set forth facts or law that meet any of the above requirements for granting reconsideration under Rules 59(e) or 60(b). While the Court understands that Plaintiff claims to have failed to oppose the motion for summary judgment based on his lack of resources to obtain legal assistance, and he now intends to obtain counsel, such in itself does not warrant reconsideration of the dismissal of this case with prejudice. Further, the litigation of this case, including the motion for summary judgment, required the expenditure of resources from both the parties and the Court, and Plaintiff should not be permitted to relitigate this case at a later date because he now wishes to obtain counsel to pursue a class action.

### III.     CONCLUSION AND RECOMMENDATIONS

For the reasons given above, IT IS RECOMMENDED as follows:

1. Defendants be denied costs. (ECF No. 44).
2. Plaintiff's construed motion for reconsideration be denied. (ECF No. 45).

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within

thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 14, 2025**         /s/ Erica P. Grosjean
                      UNITED STATES MAGISTRATE JUDGE