UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER DOUGLAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HEATHER SHIRLEY, et al.,<br><br>　　　　Defendants. | No. 1:23-cv-00653-KES-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANTS' COSTS AND DENYING PLAINTIFF'S CONSTRUED MOTION FOR RECONSIDERATION<br><br>Docs. 44, 45, 48 |

　　　　Plaintiff Roger Douglas is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On May 30, 2025, judgment was entered in favor of defendants and this case was closed following the Court's order adopting the assigned magistrate judge's findings and recommendations to grant defendants' motion for summary judgment. Docs. 42, 43. On June 20, 2025, plaintiff filed a motion to strike costs, Doc. 45, construed by the magistrate judge as objections to defendants' bill of costs submitted on June 6, 2025, Doc. 44. Plaintiff's motion also included a request for the Court to "close [the] case without prejudice," construed by the magistrate judge as a motion for reconsideration of the Court's order granting defendants' motion for summary judgment, Doc. 42.

On July 15, 2025, the assigned magistrate judge issued findings and recommendations recommending that defendants be denied costs and that plaintiff's construed motion for reconsideration be denied. Doc. 48. Specifically, the magistrate judge found that the relevant factors for consideration when exercising a court's discretion to refuse to award costs weighed in favor of plaintiff. *Id.* at 2–4. As to plaintiff's motion for reconsideration, the magistrate judge found that his request for the Court to "close [this] case without prejudice," as he intends to obtain counsel and pursue a class action in the future, is unwarranted given that this case was already litigated on the merits. The findings and recommendations were served on plaintiff and contained notice that any objections were to be filed within thirty (30) days of the date of service. *Id.* at 6. Plaintiff filed objections, Doc. 49, as to which defendants filed a reply, Doc. 50. Defendants did not file objections as to the magistrate judge's findings and recommendations with respect to the denial of costs.

In his objections, plaintiff now contends that his cancer testing and treatment impeded his ability to litigate the case, and that his indigency hindered his ability to secure legal counsel. Doc. 49 at 1–2. Given that plaintiff was provided multiple extensions to file an opposition to defendants' motion for summary judgment, he fails to establish grounds for reconsideration in this case. *See* Docs. 37, 40. Moreover, plaintiff's stated reason at the time for requesting an extension of time to file an opposition was the law library's closure over the Christmas holiday, rather than medical treatment, and plaintiff fails to explain his failure to timely raise his medical condition as a basis for an extension of time.

Additionally, plaintiff's pro se status does not warrant leniency with procedural rules or otherwise serve as a basis for reconsideration. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").

Plaintiff further contends that dismissal without prejudice is warranted because, he claims, defendants were granted summary judgment based on his failure to file an opposition. Doc. 49 at 3. However, the Court's ruling on defendants' motion was not based on plaintiff's failure to oppose defendants' motion for summary judgment. In the findings and

2

1 recommendations, the magistrate judge duly analyzed plaintiff's claims, considered the allegations set forth in his complaint and the evidence set forth by defendants in their motion, and found that there was no genuine dispute of material fact as to whether defendants violated plaintiff's Eighth Amendment right to be free from cruel and unusual conditions of confinement.  *See generally* Doc. 41.  Following a de novo review, the Court adopted the magistrate judge's findings and recommendations in full and granted defendants' motion, issuing a final judgment on the merits.  Doc. 42.  A "final judgment on the merits is synonymous with dismissal with prejudice."  *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005) (internal citations omitted).

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court conducted a de novo review of this matter.  Having carefully reviewed the file, including plaintiff's objections and defendants' reply, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on July 15, 2025, Doc. 48, are ADOPTED in full;
2. Defendants are DENIED costs, Doc. 44; and
3. Plaintiff's construed motion for reconsideration, Doc. 45, is DENIED.

IT IS SO ORDERED.

Dated:   August 29, 2025

_____
UNITED STATES DISTRICT JUDGE

3